MICHAEL W. BRIMLEY, ESQ.
Nevada Bar No. 3684
mbrimley@peelbrimley.com
CARY B. DOMINA, ESQ.
Nevada Bar No. 10567
PEEL BRIMLEY LLP
3333 E. Serene Avenue, Suite 200
Henderson, NV 89074-6571
Phone: (702) 990-7272
mbrimley@peelbrimley.com
cdomina@peelbrimley.com
*Attorneys for Choice Construction, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHOICE CONSTRUCTION, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JMR CONSTRUCTION CORP., a foreign corporation; GREAT AMERICAN INSURANCE COMPANY, a Nevada authorized surety; DOES 1 through 10; ROE CORPORATIONS 1 through 10; BOE BONDING COMPANIES 1 through 10,<br><br>Defendants. | 2:12-cv-00192-MMD-PAL<br><br><br><br>**JOINT MOTION TO EXTEND DISCOVERY**<br><br>**(First Request)** |

Pursuant to LR 6-1 and LR 26-4, Plaintiff, Choice Construction, Inc. ("Choice"), by and through its attorneys, Peel Brimley LLP, and Defendant Great American Insurance Company, ("GAIC"), by and through its attorneys, The Faux Law Group, jointly move the Court for an order extending the discovery cut off date in the above captioned case to March 20, 2013. The current discovery deadline is August 20, 2012. The parties request this extension based on the following reason: the parties lost several months of Discovery time as a result of the Motion to Stay and the transition from Judge Hicks to Judge Du.

The parties hereby submit this Joint Motion to clarify the need to extend the dates, several of which have passed because the dates were in close proximity to the final adjudication of JMR's Motion to Stay. The parties request a hearing or meeting with the Court concerning this matter as soon as possible.

This Joint Motion is based on the points and authorities below, together with al pleadings and papers filed in the action and any argument of counsel at the hearing of said Joint Motion.

DATED this 8th day of August, 2012.            DATED this 8th day of August, 2012.

**PEEL BRIMLEY LLP**                            **THE FAUX LAW GROUP**

*/s/Cary B. Domina*                             */s/ Leland K. Faux*
Michael W. Brimley, Esq. (#3684)                Kurt C. Faux, Esq.
Cary B. Domina, Esq. (#10567)                   Leland K. Faux, Esq.
3333 E. Serene Avenue, Suite 200                1540 W. Warm Springs Rd., #100
Henderson, NV 89074                             Henderson, NV 89014
*Attorneys for Choice Construction, In*c.       *Attorneys for Great American Insurance Company*

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    STATEMENT OF FACTS**

This Case arises out of a payment dispute regarding the construction of the Brac Aircraft Maintenance Shop Facility project, at Nellis AFB in Las Vegas, Nevada ("the Project"). On or about June 26, 2007, Choice and JMR Construction Corp ("JMR") entered into a subcontract agreement whereby Choice agreed to furnish certain electrical related work, materials and equipment ("Work") for the Project. GAIC issued a contractor payment bond for the Project with JMR as the principal and Choice as an obligee.

Choice filed a Complaint in the Eighth Judicial District Court of Nevada on January 6, 2012, alleging that JMR failed to pay Choice for the Work it provided to the Project. In its Complaint, Choice also asserted a claim against GAIC, alleging that GAIC violated certain provisions of Nevada's Unfair Claims Practices Act (NRS 686A.310). On February 7, 2012, GAIC filed a Notice of Removal of Action Under 28 U.S.C. §144(b) which was joined by JMR by way of its Consent to Petition for Removal filed on or about February 28, 2012.

On April 13, 2012, the Court entered a Discovery Plan and Scheduling Order, setting the close of discovery for August 20, 2012 (Dkt. #18).  On April 30, 2012, JMR filed an Emergency Motion to Stay (Dkt. #19) and on May 1, 2012, the Honorable Larry R. Hicks granted the request for Order Shortening Time and issued an expedited briefing schedule.

On May 23, 2012, after the Motion was fully briefed by the parties, this Action was reassigned to the Honorable Miranda M. Du for all further proceedings.  On June 21, 2012, the parties filed a Joint Interim Status Report and Stipulation and order to Extend Discovery and Related Deadlines.  On July 5, 2012, Magistrate Peggy A. Leen denied the Stipulation to Extend without prejudice, but stated:

> In the event the Motion to Stay is denied, the parties may submit a request for extension of the Discovery Plan and Scheduling Order deadlines within fourteen days of the district judge's decision.

On July 11, 2012, the Motion to Stay was heard before Judge Du and the matter taken under advisement.  On July 16, the Court granted JMR's Motion to Stay as to claims involving JMR only, but denied GAIC's joinder thereto.  Specifically, the Court held:

> Choice's request for limited discovery is DENIED; GAIC's Motion to Stay is DENIED; JMR's Motion for Stay is GRANTED; the proceedings against JMR are stayed until the Federal Claims Court issues a final decision in *JMR Construction v. United States*, No. 1:11-cv-187 and instructed JMR to file status reports every three months.

Exactly 14 days after receiving Judge Du's written Order denying GAIC's Motion to Stay, on July 30, 2012, Choice and GAIC submitted a Stipulation to Extend, which was DENIED for lack of sufficient explanation justifying the additional time requested.  The purpose of this Joint Motion is to identify the legal and factual basis for Choice's and GAIC's request to extend the discovery deadlines in the Action.

**II.    LEGAL ARGUMENT**

LR 26-4 allows the Court to extend any date set by the discovery plan, scheduling order, or other order when the request to do so is supported by good cause.  Along with the requisite showing of good cause, a motion to extend discovery must include the following:  "(a) A

- 3 -

1  statement specifying the discovery completed; (b) A specific description of the discovery that
2  remains to be completed; (c) The reasons why discovery remaining was not completed within the
3  time limits set by the discovery plan; and (d) A proposed schedule for completing all remaining
4  discovery." LR 26-4.

5  In this Case, good cause exists for an extension of the current discovery deadlines. JMR's
6  Motion for Stay was filed shortly after removing this matter from the Eighth Judicial District
7  Court to this Court. While JMR's Motion for stay was filed on April 30, 2012, as a result of the
8  Case being transferred to Judge Du, several months past before the Court actually heard and
9  decided JMR's Motion. In an effort to minimize costs, the parties refrained from conducting
10 discovery during the pendency of the Motion. JMR's Motion to Stay was decided on July 16,
11 2012, three months after it was initially filed, and only a month before the August 20, 2012
12 discovery deadline.

13 Furthermore, although LR 26-4 requires that motions or stipulations to extend discovery
14 be submitted "no later than twenty (20) days before the discovery cut-off date or any extension
15 thereof," in this case, the Court ordered that "the parties may submit a request for extension of the
16 Discovery Plan and Scheduling Order deadlines within fourteen days of the district judge's
17 decision" on JMR's motion to stay. The parties submitted their stipulation to extend discovery
18 deadlines within those 14 days and has acted diligently in providing the court with the additional
19 information required under LR 26-4 through this current motion. See *Johnson v. Mammoth*
20 *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (The good cause standard [in modifying a
21 scheduling order] primarily considers the diligence of the party seeking the amendment.)

22 Based on the foregoing, good cause exists for an extension of the current discovery
23 deadlines.

24 **A.     REQUIREMENTS OF LR 26-4**

25 Pursuant to LR 26-4, the parties submit the following statements regarding the current
26 status of Discovery.

27 1.     Discovery Completed. To date, the following discovery has been completed:
28 As a result of the Motion to Stay, the Parties have conducted no discovery in this matter.

- 4 -

2.  <u>Remaining Discovery.</u> The following discovery remains to be completed;

All discovery remains to be completed.

3.  <u>Reasons the Above Discovery is Remaining.</u>

As previously mentioned, given the time that transpired between JMR filing its Motion to Stay, and this Court rendering its decision, the parties did not engage in discovery in an effort to minimize costs in the event the Court granted the Motion in its entirety.

4.  <u>Proposed Schedule for Completing Remaining Discovery.</u> The Parties have stipulated and agreed to the Discovery Schedule below:

    a.  Discovery in the above captioned case shall be completed on or before **March 20, 2013.**

    b.  Any and all pleadings and/or motions brought under the following rules shall be filed on or before **December 20, 2012.**

        (1)  Fed R. Civ.P. 13 regarding counterclaims and cross-claims.

        (2)  Fed R. Civ.P. 14 regarding third-party actions.

        (3)  Fed R. Civ.P. 15 regarding amended and supplemental pleadings.

        (4)  Fed. R. Civ.P. 19 & 20 regarding joinder of additional parties.

    c.  Disclosures pursuant to Fed R. Civ.P. 26(a)(2) shall be made on or before **January 16, 2012** and rebuttal expert disclosures shall be made on or before **February 15, 2013.**

    d.  The parties shall file an Interim Status Report On or before **January 21, 2013** as required by LR 26-3, stating the times estimated for trial, three alternative dates for trial, and whether or not trial will be proceeding or affected by substantive motions.

    e.  Dispositive motions in this matter shall be filed on or before **April 17, 2013.**

## III. <u>CONCLUSION</u>

For the reasons set forth above, Choice and GAIC respectfully request the Court extend

///

///

///

- 5 -

the current discovery deadlines to the proposed dates.

DATED this 8th day of August, 2012.                    DATED this 8th day of August, 2012.

**PEEL BRIMLEY LLP**                                   **THE FAUX LAW GROUP**

*/s/Cary B. Domina*                                    */s/Leland K. Faux*
Michael W. Brimley, Esq. (#3684)                       Kurt C. Faux, Esq.
Cary B. Domina, Esq. (#10567)                          Leland K. Faux, Esq.
3333 E. Serene Avenue, Suite 200                       1540 W. Warm Springs Rd., #100
Henderson, NV 89074                                    Henderson, NV 89014
*Attorneys for Choice Construction, In*c.              *Attorneys for Great American Insurance Company*

**IT IS ORDERED** that the parties' Joint Motion to Extend Discovery (Dkt. #38) is GRANTED. The proposed discovery plan and scheduling order deadlines set forth in the Joint Motion are APPROVED.

Dated this 9th day of August, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of PEEL BRIMLEY LLP and that on this 8th day of August, 2012, I caused the above and foregoing document entitled **JOINT MOTION TO EXTEND DISCOVERY** to be served as follows:

☐     by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada; and/or

X     the Court's CM/ECF electronic filing system;

to the party(ies) and/or attorney(s) listed below at the address and/or facsimile number indicated below:

Kurt C. Faux, Esq.
Leland K. Faux, Esq.
THE FAUX LAW GROUP
1540 W. Warm Springs Rd., #100
Henderson, NV 89014
*Attorneys for Great American Insurance Company*

                                                *K.A.Gentile*_____
                                                An Employee of Peel Brimley LLP

PEEL, BRIMLEY LLP
3333 E. SERENE AVE., STE 200
HENDERSON, NEVADA 89074